107 Cal.Rptr.2d 795 (2001)
89 Cal.App.4th 1059
Henry V. LANTZY et al., Plaintiffs and Appellants,
v.
CENTEX HOMES et al., Defendants and Respondents.
No. A091838.
Court of Appeal, First District, Division Five.
June 8, 2001.
Review Granted August 22, 2001.
*796 Dawn R. Brennan, San Diego, Alan R. Johnston, San Francisco, Duke Gerstel Shearer, for plaintiffs and appellants.
Kenneth M. Miller, San Diego, Kathleen M. DeLaney, Walnut Creek, Morgan, Miller & Blair, for defendants and respondents.
JONES, P.J.
In this case, we will hold that the 10-year statute of limitations set forth in Code of Civil Procedure[1] section 337.15, for actions to recover damages for latent construction defects, is subject to equitable tolling during periods of repair. In reaching this conclusion, we will agree with holdings in Cascade Gardens Homeowners Assn. v. McKellar & Associates (1987) 194 Cal.App.3d 1252, 240 Cal.Rptr. 113 (Cascade Gardens), and Grange Debris Box & Wrecking Co. v. Superior Court (1993) 16 Cal.App.4th 1349, 20 Cal.Rptr.2d 515, and *797 disagree with the contrary holding in FNB Mortgage Corp. v. Pacific General Group (1999) 76 Cal.App.4th 1116, 90 Cal.Rptr.2d 841 (FNB Mortgage).

I. FACTUAL AND PROCEDURAL BACKGROUND
Centex Homes developed and constructed 450 single family homes in the Eagles Ridge subdivision in Antioch. The development was substantially completed in November 1988.
Appellants in this action are a group of persons who own homes in the Eagles Ridge subdivision. In August 1999, appellants filed a complaint against Centex Homes and various related entities (collectively Centex), alleging that their homes contained defective windows and window systems. The complaint was framed as a class action. It sought damages under three theories: breach of implied warranty, strict liability, and negligence.
Centex filed a demurrer, arguing it was entitled to prevail, as a matter of law, because the complaint was untimely under the 10-year statute of limitations set forth in section 337.15. Appellants opposed the demurrer noting they had alleged in their complaint that Centex had tried to repair the defective conditions. Appellants argued the statute of limitations was tolled during the period of repair. Alternately, appellants argued Centex was equitably estopped to assert the statute of limitations as a defense because Centex had repeatedly promised to repair the defective conditions and thus caused appellants to delay filing suit.
The trial court ruled the 10-year statute of limitations set forth in section 337.15 was not subject to equitable tolling during periods of repair, and sustained the demurrer without leave to amend. This appeal followed.

II. DISCUSSION

A. Equitable Tolling
Appellants contend the trial court erred when it sustained the demurrer to their complaint. We agree.
Section 337.15 sets forth a 10-year statute of limitations for actions seeking damages based on latent construction defects.[2] The statute, on its face, would appear to bar appellants' suit.
Statutes of limitations will not, however, be applied inflexibly where principles of equity and justice favor the application of equitable tolling, and where suspension of the running of a statute does not frustrate its primary purposeto prevent surprise through the revival of stale claims. (Elkins v. Derby (1974) 12 Cal.3d 410, 417-418, 115 Cal.Rptr. 641, 525 P.2d 81. See also Kleinecke v. Montecito Water Dist. (1983) 147 Cal.App.3d 240, 247, 195 Cal.Rptr. 58.) In appropriate circumstances, compliance with a statute of limitations will be excused by imposition of an estoppel (Battuello v. Battuello (1998) 64 Cal.App.4th 842, 847-848, 75 Cal.Rptr.2d 548), or a statute will be tolled for sound reasons of public policy. (Elkins v. Derby, *798 supra, 12 Cal.3d at pp. 417-420, 115 Cal. Rptr. 641, 525 P.2d 81.)
Application of this principle in the context of construction litigation is noted in Witkin's treatise on California Procedure. "In cases involving construction defects, defective products, and other breaches of warranty, the statute of limitations is tolled during each period the defendant attempts to repair the defect." (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 684, p. 871.) As our Supreme Court explained in a related context, "The statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs." (Aced v. Hobbs-Sesack Plumbing Co. (1961) 55 Cal.2d 573, 585, 12 Cal. Rptr. 257, 360 P.2d 897; see also Mack v. Hugh W. Comstock Associates (1964) 225 Cal.App.2d 583, 589-590, 37 Cal.Rptr. 466, Southern Cal. Enterprises v. D.N. & E. Walter & Co. (1947) 78 Cal.App.2d 750, 755,178 P.2d 785.)
In Cascade Gardens, supra, 194 Cal. App.3d 1252, 240 Cal.Rptr. 113, the court extended these principles to section 337.15. There, a condominium homeowners' association filed suit against a developer for damages caused by roof leaks. The record indicated the developer had been notified of the leaks, and that it had tried to repair them. The developer filed a motion for summary judgment arguing it was entitled to prevail because the suit was not filed within 10 years as was required by section 337.15. The trial court agreed and granted the motion. The homeowners' association appealed, and the appellate court reversed. The court framed the dispositive issue as being "whether the statute of limitations set forth by section 337.15 was tolled or suspended during [the] `period of repair.'" (Id. at p. 1256, 240 Cal.Rptr. 113.) The court's holding was unequivocal. "Clear authority establishes that repairs, such as those undertaken by [the developer], toll statutes of limitations as a matter of law." (Ibid., citations omitted.)
Subsequently, the court in Grange Debris Box & Wrecking Co. v. Superior Court, supra, 16 Cal.App.4th 1349, 20 Cal. Rptr.2d 515, reached the same conclusion, albeit in a summary fashion. There, the court acknowledged that the statute of limitations set forth in section 337.15 is tolled during periods of repair. (Id. at p. 1360, 20 Cal.Rptr.2d 515.)
We reach the same conclusion here. While appellants did not file their complaint within 10 years of the date on which their homes were substantially completed, they alleged in their complaint that Centex had tried to repair the defective conditions. Appellants did not state expressly the amount of time involved. However the absence of this factual allegation is of no moment. The parties frame the issue as a question of law: does section 337.15 impose an absolute limit on actions or is it tolled during periods of repair? Respondents make no contention that appellants' complaint fails to allege substantial repairs sufficient to toll the statute. We agree with Cascade Gardens and Grange Debris Box and hold that section 337.15 is tolled during periods of repair. The court erred when it sustained Centex's demurrer.
Centex contends the trial court's ruling should be affirmed under the recent decision in FNB Mortgage, supra, 76 Cal. App.4th 1116, 90 Cal.Rptr.2d 841. Centex is correct that FNB Mortgage held that section 337.15 is not subject to equitable tolling during periods of repair. Nevertheless, we believe the Cascade Gardens court decided the issue correctly. Accordingly, we decline to follow the contrary holding in FNB Mortgage.
FNB Mortgage cited several reasons for rejecting the conclusion reached in Cascade *799 Gardens. First, the court relied on prior cases which stated, in varying ways, that the 10-year statute of limitations set forth in section 337.15 was the "outside" limit for actions against a contractor for latent defects. (See A & B Painting & Drywall, Inc. v. Superior Court (1994) 25 Cal.App.4th 349, 355, 30 Cal.Rptr.2d 418; North Coast Business Park v. Nielsen Construction Co. (1993) 17 Cal.App.4th 22, 27, 21 Cal.Rptr.2d 104; Sandy v. Superior Court (1988) 201 Cal.App.3d 1277, 1284-1286, 247 Cal.Rptr. 677.) FNB Mortgage suggested it would be inconsistent with these cases to hold that section 337.15 could be tolled during periods of repair. (FNB Mortgage, supra, 76 Cal.App.4th at p. 1131, 90 Cal.Rptr.2d 841.)
However none of the cases cited by FNB Mortgage involved the issue that is present here; i.e., whether section 337.15 is subject to equitable tolling during periods of repair by the offending contractor. As FNB Mortgage recognized in a different context, "`Language used in any opinion is of course to be understood in ... light of the facts and the issue ... before the court, and an opinion is not authority for a proposition not therein considered.'" (FNB Mortgage, supra, 76 Cal.App.4th at p. 1132, 90 Cal.Rptr.2d 841, quoting Ginns v. Savage (1964) 61 Cal.2d 520, 524, fn. 2, 39 Cal.Rptr. 377, 393 P.2d 689.)
Furthermore it is not literally correct to say that section 337.15 sets the "outside" limit for actions against a contractor. While the statute sets forth the generally applicable rule, it also describes exceptions to that rule. Section 337.15 subdivision (c) states that a "cross-complaint for indemnity" may be filed beyond the 10-year period when an underlying action "has been brought" within the general 10-year period. Section 337.15, subdivision (e) states that the 10-year period "shall not be asserted by way of defense by any person in actual possession or ... control, as owner, tenant or otherwise, of such an improvement, at the time any deficiency in the improvement constitutes the proximate cause for which it is proposed to bring an action." Section 337.15, subdivision (f) states that the 10-year statute of limitations does not apply to "actions based on willful misconduct or fraudulent concealment." Thus while section 337.15 establishes a general 10-year statute of limitations, it does not create a fixed time limit beyond which no action may be brought.
Next, FNB Mortgage said that "establishing a judicially created exception would run afoul of the purpose of establishing an outer limitations period `to protect contractors and other professionals and trades-people in the construction industry from perpetual exposure to liability for their work.'" (FNB Mortgage, supra, 76 Cal. App.4th at p. 1132, 90 Cal.Rptr.2d 841, quoting Sandy v. Superior Court, supra, 201 Cal.App.3d [1277], 1285, 247 Cal.Rptr. 677.) However allowing equitable tolling during periods of repair would not subject those in the construction industry to "perpetual exposure." Any period of repair, and hence, the time during which the statute is tolled, is largely within the control of the contractor who can limit it by performing repairs promptly.
FNB Mortgage also said that allowing tolling during periods of repair would be inconsistent with the exceptions to section 337.15 that are set forth in subdivisions (c), (e), and (f). According to FNB Mortgage, "engrafting a judicially inspired exception onto a statute that already has carefully delineated, legislatively enacted exceptions to the 10-year period would run afoul of the rule, expressio unius est exclusio alterius...." (FNB Mortgage, supra, 76 Cal.App.4th at p. 1133, 90 Cal.Rptr.2d 841.)
However "the maxim, while helpful in appropriate cases, is no magical incantation *800 nor does it refer to an immutable rule." (California Fed. Savings & Loan Assn. v. City of Los Angeles (1995) 11 Cal.4th 342, 351, 45 Cal.Rptr.2d 279, 902 P.2d 297, internal quotation marks omitted.) One exception to the rule arises when its application would conflict with well established legal principles. "[C]ourts should not presume the Legislature intended `to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.'" (Juran v. Epstein (1994) 23 Cal. App.4th 882, 896, 28 Cal.Rptr.2d 588, citations omitted; see also Battuello v. Battuello, supra, 64 Cal.App.4th at p. 848, 75 Cal.Rptr.2d 548.)
Here, section 337.15 establishes a general 10-year statute of limitations; it then sets forth certain exceptions to that general rule. We conclude the presence of the enumerated exceptions does not preclude recognition of an additional exception, particularly one that is based on long-standing decisional authority.
Additionally, FNB Mortgage declined to hold that section 337.15 is subject to equitable tolling because such tolling "`is not permissible where it is inconsistent with the text of the relevant statute.'" (FNB Mortgage, supra, 76 Cal.App.4th at p. 1133, 90 Cal.Rptr.2d 841, quoting United States v. Beggerly (1998) 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32.) However we find nothing in the text of section 337.15 that is inconsistent with a rule that would allow for equitable tolling during periods of repair. By our reading, section 337.15 is nothing more than an "ordinary statute of limitations, subject to the same rules ... as other statutes of limitations." (Regents of University of California v. Hartford Acc. & Indem. Co. (1978) 21 Cal.3d 624, 642, 147 Cal.Rptr. 486, 581 P.2d 197.) One of those generally applicable rules is that statutes of limitations are subject to tolling during periods of repair. (See Cascade Gardens, supra, 194 Cal. App.3d at p. 1256, 240 Cal.Rptr. 113; Grange Debris Box & Wrecking Co. v. Superior Court, supra, 16 Cal.App.4th at p. 1360, 20 Cal.Rptr.2d 515; Aced v. Hobbs-Sesack Plumbing Co., supra, 55 Cal.2d at p. 585, 12 Cal.Rptr. 257, 360 P.2d 897; Mack v. Hugh W. Comstock Associates, supra, 225 Cal.App.2d at pp. 589-590, 37 Cal.Rptr. 466; Southern Cal. Enterprises v. Walter & Co., supra, 78 Cal. App.2d at p. 755,178 P.2d 785.)
Finally, we note that FNB Mortgage is factually distinguishable from the circumstances presented in Cascade Gardens and the claims asserted by appellants here. FNB Mortgage addressed the validity of a cross-complaint for contractual indemnity asserted by one developer, FNB, against another, Pacific General. FNB had entered into a series of agreements with the plaintiff to toll the statute of limitations. The pivotal issue on appeal was whether those tolling agreements also tolled the time for FNB to file a cross-complaint against Pacific General. The FNB Mortgage court ruled there was no tolling under those circumstances, explaining its decision as follows, "... Pacific General did not do anything that induced FNB to delay the filing of its cross-complaint. To the contrary, far from being lulled by the actions of Pacific General, FNB itself delayed its need to file a cross-complaint for indemnification by agreeing to extend the time for the plaintiff to bring its action against it. This decision by FNB created the prospect that FNB might be subsequently liable for damages when and if plaintiff brought and prosecuted its suit, and that FNB might later need to seek indemnification. It was in FNB's control whether plaintiffs action was filed within the 10-year period, and it chose to extend the time for plaintiff, while doing nothing to protect its right to bring its own claim for indemnity. A contractor *801 or subcontractor, whether suspecting or unsuspecting, does not lose the protections of the 10-year limitations period under section 337.15 because of the conduct of another party that extends the time for suit against itself." (FNB Mortgage, supra, 76 Cal.App.4th at p. 1135, 90 Cal. Rptr.2d 841, emphasis in original.)
While this policy argument may have supported FNB Mortgage's conclusion, we believe it has no application to the issue before us.
We conclude section 337.15 is subject to equitable tolling during periods of repair.

B. Equitable Estoppel
Appellants contend the trial court should not have sustained Centex's demurrer, because a defendant can be equitably estopped to assert the 10-year statute of limitations set forth in 337.15. We agree.
"An estoppel to set up the defense of the statute of limitations arises as a result of some conduct by the defendant, relied on by the plaintiff, that induces the belated filing of the action." (3 Witkin, supra, Actions, § 685, p. 872.) "One cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought." (Carruth v. Fritch (1950) 36 Cal.2d 426, 433, 224 P.2d 702, internal quotation marks omitted.)
Here appellants alleged in their complaint that Centex had repeatedly promised to repair the damage to their homes. Based on those allegations, appellants argued Centex was equitably estopped to assert the statute of limitations as a defense because the Centex's promises caused them to delay filing suit. We conclude these allegations were sufficient to overcome a demurrer based on the statute of limitations contained in section 337.15.
Centex contends that section 337.15 is not subject to equitable estoppel. It relies on the same analysis used by FNB Mortgage when holding that section 337.15 is not subject to equitable tolling during periods of repair. However as we have just explained, we disagree with the decision in FNB Mortgage. Since FNB Mortgage does not convince us that section 337.15 is not subject to equitable tolling during periods of repair, it similarly does not convince us that the section is immune from the principles of equitable estoppel.

III. DISPOSITION
The judgment is reversed. Appellants are entitled to costs on appeal.
SIMONS, J. and SEPULVEDA, J.[*], concur.
NOTES
[1] All further section references will be to the Code of Civil Procedure.
[2] Section 337.15 states, in part, "(a) No action may be brought to recover damages from any person, or the surety of a person, who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of the development or improvement for any of the following: [¶] (1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property. [¶] (2) Injury to property, real or personal, arising out of any such latent deficiency."
[*] Associate Justice, Division Four of the First District Court of Appeal, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.