118 Cal.Rptr.2d 906 (2002)
98 Cal.App.4th 16
JACKSON PLAZA HOMEOWNERS ASSOCIATION, Plaintiff and Appellant,
v.
W. WONG CONSTRUCTION, Defendant, Cross-complainant and Respondent;
Alcal Roofing and Insulation, Cross-defendant and Respondent. [And five other cases.[]].
No. A091787.
Court of Appeal, First District, Division Four.
April 30, 2002.
Rehearing Granted May 29, 2002.
*907 Scott Williams, Williams, Wester, Hall & Nadler, Attorney for Appellant Jackson Plaza Homeowners Association.
S. Mitchell Kaplan, Kathleen A. Foley, Gordon & Rees, San Francisco, Attorney for Appellant W. Wong Construction.
John W. Chapman, Kurt T. Hendershott, Chapman & Intrieri, Alameda, Attorney for Respondent Alcal Roofing and Insulation.
Jack T. Friedman, Tara Narayanan, Carroll, Burdick & McDonough, Walnut Creek, John N. Carr, Lewis, D'Amato, Brisbois & Bisgaard, Christian Lucia, Valerian, Patterson, Field & McGraw, Attorney for Respondent Atlas Heating and Ventilating Co., Ltd.
Brian S. O'Malley, Glaspy & Glaspy, Walnut Creek, Attorney for Respondent New West Roofing, Inc.
Susan H. Handelman, Ropers, Majeski, Kohn & Bentley, Attorney for Respondent Gonzalez Roofing & Waterproofing Company.
Certified for Partial Publication.[*]
Rehearing Granted May 29, 2002. See 121 Cal.Rptr.2d 221.
RIVERA, J.
In this consolidated construction defects action, Jackson Plaza Homeowners Association (HOA) appeals from summary judgments entered in favor of respondent W. Wong Construction and respondent subcontractors Alcal Roofing and Insulation (Alcal), Atlas Heating and Ventilating Co., Ltd. (Atlas), New West Roofing, Inc. (New West) and Gonzalez Roofing & Waterproofing Company (Gonzalez). HOA contends that the trial court erred in ruling that the action was barred by the 10-year statute of limitations set forth in Code of Civil Procedure[1] section 337.15 for actions to recover damages for latent construction defects. We conclude that there is a triable issue of fact on whether the 10-year limitations period was subject to equitable tolling for repairs undertaken by Wong Construction and Gonzalez after the notice of completion was recorded. We therefore reverse the judgment in favor of Wong Construction on HOA's complaint and the judgment in favor of Gonzalez on Wong Construction's cross-complaint.

I. FACTUAL BACKGROUND
The Jackson Plaza condominium project located at 1591 Jackson Street in San Francisco was completed in 1985. The Madja Corporation was the developer of the project. Respondent Wong Construction was the general contractor of the project. Respondents Alcal, Atlas, New West, and Gonzalez were subcontractors on the project. A notice of completion of the project was recorded on October 26, 1985.
HOA is a nonprofit corporation organized for the purpose of managing the project.[2] In late 1985 and early 1986, *908 HOA became aware of several problems at the project including water leaks in the roof, the garage and the windows and sliding glass doors. Tai Associates/Architects (TAA), the principal architect for the project, prepared punch lists of the repairs to be completed. In 1990, HOA filed an action against respondents and others. However, HOA subsequently dismissed the action when it determined that the problems could be remedied at minimal cost.
In 1995, HOA discovered that there were serious water intrusion problems throughout the project. On January 19, 1996, HOA served a notice pursuant to former Civil Code section 1375 on Madja, the developer, setting forth its claim for defects in the design and construction of the project.[3] HOA thereafter filed this action on June 12, 1996. Wong Construction and New West were among the defendants named in the complaint. On April 1,
1997, Wong Construction filed a cross-complaint for indemnity against the respondent subcontractors and others.
On .September 25, 1996, HOA and Wong Construction stipulated to the appointment of John R. Griffiths as a special master in the action to regulate the pretrial proceedings. Wong Construction subsequently conducted limited discovery related to the three-year statute of limitations of section 338. Griffiths stayed discovery except for the purpose of discovery on the issue of the statute of limitations. He set February 27, 1998, as the date for respondents' motion for summary judgment on the section 338 issue and ordered that discovery be completed by January 30, 1998. Griffiths thereafter granted the parties several extensions to complete discovery and continued the hearing on the summary judgment motion. A hearing on the motion was held on August 19, 1998. The trial court denied the motion.
The parties thereafter conferred with Griffiths. On April 28, 1999, Griffiths ordered that HOA provide all parties with a protocol for its proposed destructive testing. He further ordered that HOA complete that testing by May 15,1999.
On September 15, 1999, Alcal moved for summary judgment, contending that Wong Construction's cross-complaint was barred by the 10-year statute of limitations of section 337.15. Atlas also moved for summary judgment against Wong Construction. New West and Gonzalez filed a "joinder" in Alcal's motion. On October 5, 1999, Wong Construction filed an ex parte application to continue the hearing on the motions of Alcal and Atlas so that its own summary judgment motion raising the identical issue could be heard at the same time. On October 12, 1999, the trial court continued the hearing on the motions for summary judgment to December 1, 1999, and ordered that all motions for summary judgment that were filed by October 21, 1999 in the matter would be heard on that date.
On October 22, 1999, HOA filed an ex parte application for a continuance of the hearing on the summary judgment motions. It contended that it did not yet have the results of the destructive testing conducted in September and that it was currently scheduling additional destructive testing.[4] It further argued that it did not *909 have sufficient time to review over 20 boxes of documents in order to prepare a meaningful opposition to the motion prior to the hearing on December 1. The trial court denied the application.
Meanwhile, on October 29, 1999, Wong Construction served its motion for summary judgment raising the 10-year limitations period of section 337.15 as a bar to HOA's action. New West filed a joinder in this motion.
Upon recommendation of Griffiths, the trial court continued the hearing to January 5, 2000. On January 11, 2000, the parties motions would be continued for 30 days. The hearing on the motions was subsequently held on February 10, 2000. The trial court granted the motions and entered judgments in favor of respondents, concluding that HOA's action and Wong Construction's cross-complaint against Alcal and Atlas and "all deemed cross-complaints" were barred by the 10 year statute of limitations set forth in section 337.15. HOA timely appeals the judgments in favor of respondents with the exception of the judgment dismissing the action against Atlas.[5] Wong Construction cross-appeals from the judgment entered on its cross-complaint.

II. DISCUSSION

A.-C.[**]

D. Section 337.15

1. Equitable tolling
HOA contends that section 337.15 was tolled during the period in which respondents repaired defects in the construction of the project. This contention has merit.
Section 337.15 establishes a 10-year statute of limitations for actions to recover damages based on latent construction defects. In pertinent part, section 337.15 provides: "(a) No action may be brought to recover damages from any person ... who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of the development or improvement for any of the following: [¶] (1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property." (Italics added.)
The issue of whether the 10-year statute of limitations of section 337.15 is subject to equitable tolling during periods of repair is currently before our Supreme Court in Lantzy v. Centex Homes (2001) 89 Cal.App.4th 1059, 107 Cal.Rptr.2d 795, review granted August 22, 2001, S098660. Several courts have held, however, that in construction defect actions, the statute of limitations is tolled during periods in which the defendant attempts to repair the defect. (Aced v. Hobbs-Sesack Plumbing Co. (1961) 55 Cal.2d 573, 585, 12 Cal.Rptr. 257, 360 P.2d 897 ["statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs"]; Grange Debris Box & Wrecking Co. v. Superior Court (1993) 16 Cal.App.4th 1349, 1360, 20 Cal.Rptr.2d 515 [recognizing that section 337.15 is tolled for periods of repair]; Cascade Gardens Homeowners Assn. v. McKellar & Associates (1987) 194 *910 Cal.App.3d 1252, 1256, 240 Cal.Rptr. 113 and cases cited therein; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 684, p. 871.) "Tolling during a period of repairs rests upon the same basis as does an estoppel to assert the statute of limitations, i.e., reliance by the plaintiff upon the words or actions of the defendant that repairs would be made." (A & B Painting & Drywall, Inc. v. Superior Court (1994) 25 Cal.App.4th 349, 355, 30 Cal.Rptr.2d 418.)
In Cascade Gardens Homeowners Assn. v. McKellar & Associates, supra, 194 Cal. App.3d at page 1256, 240 Cal.Rptr. 113, the homeowners association filed its action for defective construction 10 years and 1 month after the date the notice of completion was recorded. The court held that the statute of limitations was tolled during a four-month period in which the developer made repairs to correct roof leaks. (Id. at pp. 1257-1258, 240 Cal.Rptr. 113.)
In A & B Painting & Drywall, Inc. v. Superior Court, supra, 25 Cal.App.4th at page 355, 30 Cal.Rptr.2d 418, this court held that repairs undertaken by someone other than the original entity that did the original work did not toll the section 337.15 limitations period. There, approximately seven months before the running of the 10-year statute, the developer retained a contractor to repair the interior drywall framing of the Hillsdale Mall. (A & B Painting, at pp. 353, 355, 30 Cal.Rptr.2d 418.) We declined to extend Cascade to toll the limitations period on the developer's action against the contractor, reasoning that repairs by the contractor, a third party that was not originally responsible for the defect, did not involve reliance on the entity which warranted the original work and thus did not furnish a basis for tolling. (A & B Painting, at pp. 354-355, 30 Cal.Rptr.2d 418.) We also rejected a claim that work done in 1982, the year following the filing of the notice of completion, tolled the 10-year statute because the developer failed to show that the repair work included any of the developer's present complaints.[7](Id. at p. 356, 30 Cal. Rptr.2d 418.)
In FNB Mortgage Corp. v. Pacific General Group (1999) 76 Cal.App.4th 1116, 1134, 90 Cal.Rptr.2d 841 (FNB Mortgage ), the court held that section 337.15 is not subject to equitable tolling for repairs. The court distinguished the 10-year limitations period of section 337.15 from other limitations statutes, stating that section 337.15 establishes an outside limit for actions against a contractor for latent defects. (FNB Mortgage, at p. 1131, 90 Cal. Rptr.2d 841.) It reasoned that the purpose of the statute was to "`protect contractors and other professionals and tradespeople in the construction industry from perpetual exposure to liability for their work ...' [citation]" and that equitable tolling of the statute for repairs would run afoul of this purpose. (Id, at pp. 1132 1133, 90 Cal.Rptr.2d 841.)
We disagree with the holding of FNB Mortgage. As the Supreme Court acknowledged in Regents of University of California v. Hartford Acc. & Indem. Co. (1978) 21 Cal.3d 624, 642, 147 Cal.Rptr. 486, 581 P.2d 197, "section 337.15[is] an ordinary statute of limitations, subject to the same rules ... as other statutes of limitations." One of these rules, equitable tolling of a limitations statute for periods *911 of repair, is well established. (Cascade Gardens Homeowners Assn. v. McKellar & Associates, supra, 194 Cal.App.3d at p. 1256, 240 Cal.Rptr. 113.) Further, permitting tolling of the limitations statute during periods of repair does not frustrate the purpose of section 337.15. To the contrary, a contractor cannot be deemed to be surprised by a claim for a construction defect when it has been put on notice that a problem exists by virtue of its attempt to repair the problem during the limitations period. The purpose of a limitations statute is to "`[prevent] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' [Citations.]" (Elkins v. Derby (1974) 12 Cal.3d 410, 417, 115 Cal.Rptr. 641, 525 P.2d 81, fn. omitted.) Nor are contractors subject to perpetual exposure to liability as a result of our holding. We presume that in most cases, as in the case here, the period of repair will be of relatively short duration and thus will not unduly extend the statutory period.
Moreover, the facts of FNB Mortgage are clearly distinguishable from those here. There, FNB entered into an agreement with the plaintiff to toll the limitations period. FNB, however, did not protect itself by entering into a similar agreement with Pacific General, the developer with which it contracted to construct an apartment complex. (FNB Mortgage, supra, 76 Cal.App.4th at pp. 1121-1122, 1124, 90 Cal.Rptr.2d 841.) While the plaintiffs underlying action was timely due to the tolling agreement, FNB's cross-complaint was barred because it was filed after the expiration of the 10-year limitations period. (Id, at p. 1135, 90 Cal. Rptr.2d 841.) The court determined that any promises by Pacific General to the plaintiff to repair defects in the complex had no effect on whether FNB chose to file suit as it would not have induced FNB's reliance to delay the filing of its cross-complaint. (Ibid.) "It was in FNB's control whether plaintiffs action was filed within the 10-year period, and it chose to extend the time for plaintiff, while doing nothing to protect its right to bring its own claim for indemnity. A contractor or subcontractor, whether suspecting or unsuspecting, does not lose the protections of the 10-year limitations period under section 337.15 because of the conduct of another party that extends the time for suit against itself." (Ibid.)
Here, HOA presented evidence in its opposition to Wong Construction's summary judgment motion that Wong Construction engaged in significant repair work during 1986, and as late as December 3, 1986, relating to the water leakage problems that resulted in the present action. In contrast to FNB Mortgage, there is evidence that HOA relied on Wong Construction's promises to repair the defects during this period. Indeed, as noted in TAA's letter dated December 3, 1986 to Wong Construction, "[w]e are hoping that, by completing these items [including repairs to areas affected by water leakage] as soon as possible, we will delay the Homeowners from taking legal action before the end of the year." This evidence at the very least raises a triable issue of fact supporting HOA's position that the 10-year statute was tolled during some part of 1996 on HOA's complaint against Wong Construction, in which case HOA's action, filed on June 12, 1996, may well have been timely. The resolution of this issue requires a full evidentiary hearing in the trial court in which the parties can address whether the evidence proffered by HOA establishes that repairs related to the defects alleged in the complaint were made after the filing of the notice of completion, and if so, for what period the statute was tolled.
HOA, however, did not show that New West made any repairs during the *912 10-year period following the filing of its complaint. (See A & B Painting & Drywall, Inc. v. Superior Court, supra, 25 Cal.App.4th at pp. 354-355, 30 Cal.Rptr.2d 418 [limitations period will not be tolled for entity that does not undertake repairs].) Nor did it submit any evidence that New West engaged in any willful misconduct such that the action would fall within the exception to the 10-year period for actions based on willful misconduct or fraudulent concealment.[8] (§ 337.15, subd. (f).) Given these omissions, we will affirm the summary judgment entered in favor of New West on HOA's complaint.

2.-3.[***]

E.-F.[***]

III. DISPOSITION
HOA's purported appeals of the summary judgments entered in favor of Alcal (A091787) and Gonzalez (A092084) are dismissed. The judgment entered in favor of New West on HOA's complaint (A092537) is affirmed, as is the judgment entered in favor of New West on Wong Construction's cross-complaint (A092000). The judgments in favor of Wong Construction and Gonzalez in A092062 are reversed. In all other respects, the judgments in A092062 are affirmed. The order awarding Gonzalez attorney fees in A092730 is reversed. The remaining orders in A092730 are affirmed, with costs to Alcal, Atlas and New West. The parties are to bear their own costs on all other appeals.
We concur: KAY, P.J., and REARDON, J.
NOTES
[] Jackson Plaza Homeowners Assn. v. New West Roofing, Inc. (No. A092000); Jackson Plaza Homeowners Assn. v. W. Wong Construction (No. A092062); Jackson Plaza Homeowners Assn. v. Gonzalez Roofing & Waterproofing Co. (No. A092084); Jackson Plaza Homeowners Assn. v. New West Roofing, Inc. (No. A092537); W. Wong Construction v. Alcal Roofing and Insulation (No. A092730).
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.A. through II.C, II.D.2., H.D.3., II.E. and II.F.
[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.
[2] Throughout its recitation of the facts and procedural background in its opening brief, HOA purports to set forth a chronology of the case but in numerous instances fails to cite to any evidence in the record to support its facts. It is well settled that a party is required to support the statement of any matter in the record by an appropriate reference to the record. (Cal. Rules of Court, rule 14(a)(1).) To the extent that HOA fails to support its facts with references to the record, we have disregarded its assertions. (Goodstein v. Cedars-Sinai Medical Center (1998) 66 Cal. App.4th 1257, 1260, fn. 1, 78 Cal.Rptr.2d 577.)
[3] The parties refer to this notice as the "Calderon" notice. Senator Charles M. Calderon drafted Senate Bill No. 1029 which was subsequently enacted as Civil Code section 1375. (Stats. 1995, ch. 864, § 1, No. 11 West's Cal. Legis. Service, pp. 5117-5121.) Subsequent references to Civil Code section 1375 will refer to the version in effect at the time of service of the Calderon notice.
[4] HOA conducted destructive testing on September 28 and 29, 1999.
[5] In its reply brief, HOA explains that it failed to appeal the Atlas judgment as "a result of the confusion created by the multiple orders and judgments."
[**] See footnote *, ante.
[7] In dicta, we noted that had the defects been discovered in 1982, they "would have triggered a shorter period of time in which to bring suit because the defects would then have been patent, rather than latent, and the four-year statute to bring an action on a patent defect would have applied. (§ 337.1.)" (A & B Painting & Drywall, Inc. v. Superior Court, supra, 25 Cal.App.4th at p. 357, 30 Cal.Rptr.2d 418.)
[8] In its opening brief, HOA states that it introduced evidence in its opposition to the summary judgments showing that Wong Construction and Atlas committed willful misconduct. HOA makes no reference to New West.
[***] See footnote *, ante.