[No. A064730. First Dist., Div. Four. May 27, 1994.]

A & B PAINTING AND DRYWALL, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
BOHANNON DEVELOPMENT COMPANY, Real Party in Interest.

[No. A064746. First Dist., Div. Four. May 27, 1994.]

RUDOLPH & SLETTEN, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
BOHANNON DEVELOPMENT COMPANY, Real Party in Interest.

**COUNSEL**

Clapp, Moroney, Bellagamba, Davis & Vucinich, Mark T. Guerra, John F. Doyle, Carr, McClellan, Ingersoll, Thompson & Horn, Paul A. Aherne and Alan Robert Rosin for Petitioners.

No appearance for Respondent.

Steefel, Levitt & Weiss, Barry W. Lee, Marc Lackner and Jeffrey K. Compton for Real Party in Interest.

**OPINION**

**REARDON, J.**—Petitioners, defendants in an action to recover for defective drywall installation, challenge the denial of their motions for summary

judgment made on the ground that the statute of limitations had run on the action against them. We have consolidated the petitions since the same issues and factual showings are involved and both summary judgment motions were disposed of in a single order.

### PROCEDURAL HISTORY—FACTS

On February 1, 1993, Bohannon Development Company (real party) filed a complaint alleging that it is the owner and developer of the Hillsdale Mall. Bohannon retained petitioner Rudolph & Sletten, Inc., as general contractor for a renovation project. Petitioner A & B Painting and Drywall, Inc., was the steel framing and drywall subcontractor. The complaint alleges that real party has been damaged by latent deficiencies in the interior drywall framing at Hillsdale.

Petitioners filed motions for summary judgment contending that the 10-year statute of limitations governing latent defects (Code Civ. Proc., § 337.15)[1] commenced to run on September 29, 1982, the date of recordation of the notice of completion of the project and that, therefore, the complaint was barred.

Real party opposed the motions on the ground that substantial work at the project from September 1982 through August 1983 tolled the statute as did substantial repairs in 1992 to the framing work previously performed by petitioners.

Respondent court denied the motions for summary judgment based on work done in 1992 to repair the specific deficiencies in issue, i.e., the interior drywall framing. The court ruled that the work performed in 1982 did not toll the statute because it did not include work affecting any of real party's present complaints.

### DISCUSSION

Section 337.15 provides that no action may be brought to recover damages for a latent defect from any person who develops real property or performs the construction of any improvement to real property "more than 10 years after the substantial completion of the development . . . ." (§ 337.15, subd. (a).) This 10-year period "shall commence upon substantial completion of the improvement, but not later than the date of one of the following, whichever first occurs: . . . [¶] (2) The date of recordation of a valid notice of completion." (§ 337.15, subd. (g)(2).)

---

[1] All further statutory references are to the Code of Civil Procedure.

*The 1992 Repairs*

Respondent court found that repairs to the interior drywall construction tolled the 10-year statute. Petitioners do not dispute the fact that work was done in 1992 to repair the latent defect for which real party now seeks damages. ■■■ However, petitioners contend that this work does not affect the 10-year statute because it was not performed by petitioners.

The case primarily relied upon by real party is *Cascade Gardens Homeowners Assn.* v. *McKellar & Associates* (1987) 194 Cal.App.3d 1252 [240 Cal.Rptr. 113] (*Cascade*). That case involved an action under the 10-year statute for damages caused by roof leaks. The notice of completion was filed on July 13, 1973, and the action was filed on August 12, 1983, which would ordinarily be a month too late. However, soon after the homeowners had moved into the condominiums, defendant McKellar had promised to correct roof leaks and had explicitly guaranteed the roof for 10 years with no conditions.

The reviewing court reversed a summary judgment, explaining: "Clear authority establishes that repairs, such as those undertaken by McKellar and Hutchison, toll statutes of limitations as a matter of law." (*Cascade, supra,* 194 Cal.App.3d at p. 1256.) The court (*ibid.*) cited three cases in support of this proposition: *Mack* v. *Hugh W. Comstock Associates* (1964) 225 Cal.App.2d 583, 589-590 [37 Cal.Rptr. 466]; *Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573, 585 [12 Cal.Rptr. 257, 360 P.2d 897]; and *Southern Cal. Enterprises* v. *Walter & Co.* (1947) 78 Cal.App.2d 750, 755 [178 P.2d 785]. As in the *Cascade* case, all three cases involved repair work by the entity which warranted the original work.

None of these cases expressly specifies that the period of limitations will *not* be tolled if someone other than the entity doing the original work undertakes or requests someone else to undertake the repairs. However, they all contain language which leads to this conclusion. In *Mack* v. *Hugh W. Comstock Associates, supra,* 225 Cal.App.2d 583, the court reasoned that the period was tolled during the time "the seller [defendant] honestly endeavors to make repairs to enable the product to fit the warranty or at least until such time as it becomes reasonably apparent to the owner that the warranty cannot be met . . . ." (*Id.,* at p. 589.) In *Aced* v. *Hobbs-Sesack Plumbing Co., supra,* 55 Cal.2d 573, the court held: "The statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs." (*Id.,* at p. 585.) In *Southern Cal. Enterprises* v. *Walter & Co., supra,* 78 Cal.App.2d 750, the statute was tolled "as long as the vendor claims that the defect . . . can be remedied and he is attempting to correct the error." (*Id.,* at p. 755.)

Tolling during a period of repairs rests upon the same basis as does an estoppel to assert the statute of limitations, i.e., reliance by the plaintiff upon the words or actions of the defendant that repairs will be made. (See *Gilbert Financial Corp.* v. *Steelform Contracting Co.* (1978) 82 Cal.App.3d 65, 68-69 [145 Cal.Rptr. 448].) Repair by third parties does not involve reliance upon the defendant in any way and furnishes no basis for tolling. In fact, repair by a third party might well result in the commencement of a shorter period of limitation. ■ The 10-year statute is the *outside* limit for an action against a contractor for latent defects. If a latent defect is discovered, an action must be filed within three years (§ 338) or four years (§ 337) of discovery, but in any event must be filed within ten years (§ 337.15) of substantial completion. (*North Coast Business Park* v. *Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 27 [21 Cal.Rptr.2d 104]; see *Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 641 [147 Cal.Rptr. 486, 581 P.2d 197]; *Winston Square Homeowner's Assn.* v. *Centex West, Inc.* (1989) 213 Cal.App.3d 282, 292 [261 Cal.Rptr. 605].) Repair suggests discovery of a latent defect and commencement of a shorter period of limitation. It does not suggest that the statute of limitations can be extended. "[S]ection 337.15 imposes an absolute 10-year bar, based on the date of 'substantial completion,' regardless of discovery. [Citation.]" (*North Coast Business Park, supra,* 17 Cal.App.4th at p. 27.)

■ No argument was made in *Cascade* that discovery of the defect should have *shortened* the period for filing the action, rather than extended it, under the theory that the defect had been discovered. The *Cascade* decision appears to be alone in its extension of the 10-year statute; its facts are significantly different than the facts in the instant case. In *Cascade* the contractor was notified of the roof leaks. He repaired the roof and guaranteed it for 10 years with no conditions. The court in *Cascade* noted that "statutes of limitations are not so rigid that under certain circumstances principles of equity and justice will not allow them to be extended." (*Cascade, supra,* 194 Cal.App.3d at p. 1256.) We reject extending the *Cascade* decision with its unique facts to the instant case where approximately seven months before the running of the ten-year statute, the latent defect was discovered and efforts to repair were undertaken by someone other than the party originally responsible for the alleged defect.

Real party in its opposition to this petition contends that property owners should not be required to entrust repair work to an entity that previously performed defective work. That is correct but irrelevant. ■ Real party also contends that it should not be required to sue until the full extent of the defective work is determined. That is not the law. Suit must be filed within the time limit of section 337.15, not within the time that the full extent of damage is determined.

*The 1982 Repairs*

 In opposing the motions for summary judgment, real party argued "that substantial work, including repair work, continued to be performed by R&S and A&B on the Hillsdale Mall well into 1983, long after the Notices of Completion were recorded." Real party attached to its opposition evidence of this later work in the form of checks, invoices and proposal estimates. The primary thrust of real party's argument in regard to this work was to show that petitioners' work was not completed until well into 1983. Objections were made to much of this evidence on the ground that it was irrelevant, given the fact that the notice of completion was filed in September 1982. The objections were correctly sustained, as the notice of completion is the event that commences the 10-year statute of limitations.

 As to the possibility that the work after the notice of completion was filed could be classified as repair work which tolled the statute, the court noted that "previous 'punch list' work of 1982 did not include work affecting any of [real party's] present complaints . . . ." In response to the instant petition, real party asks that, if this court concludes that repairs in 1982 did not toll the 10-year statute, this court direct respondent court to allow real party time to conduct discovery as to work done by petitioners in 1982 and 1983 following the recordation of the notice of completion in order to develop facts to show that repairs sufficient to toll the statute were performed by petitioners.

Real party cites section 437c, subdivision (h) which provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just."

 Real party now contends that it made the showing required by the above section and cites the declaration of its attorney, Barry Lee. Mr. Lee states in his declaration, without further explanation, that no depositions of any party have been conducted and, as a result, real party "has not yet had the opportunity to question R&S and A&B regarding the precise nature, extent, and duration of their work on the Hillsdale Mall enclosure or regarding matters uncovered in documentary discovery requiring clarification or explanation." Real party also refers to a letter from the architect on the project dated March 23, 1983, listing items related to the interior drywall work that might not comply with the contract documents.

We reject the suggestion that we direct respondent court to withhold a final ruling on the motions for summary judgment to allow further discovery. Even if the declaration of Mr. Lee could be read liberally as a request

for a continuance to obtain further discovery, it would not be sufficient for that purpose. It does not explain what efforts were made to take the necessary depositions or why they could not have been taken earlier. In such a situation, a continuance would not be warranted. (See *O'Laskey* v. *Sortino* (1990) 224 Cal.App.3d 241, 251 [273 Cal.Rptr. 674].)

 Furthermore, petitioners note that if real party had discovered defects in 1982, that would have triggered a shorter period of time in which to bring suit because the defects would then have been patent, rather than latent, and the four-year statute to bring an action on a patent defect would have applied. (§ 337.1.) This is an additional and valid reason for refusing to remand the matter to respondent court for further proceedings on the motions for summary judgment.

## CONCLUSION

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying the motions for summary judgment and to enter a new order granting the motions.

Anderson, P. J., and Perley, J., concurred.