Filed 5/7/14  Romero v. Kraco Enterprises CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CANDELARIO ROMERO, | B246318 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC463665) |
| v. | |
| KRACO ENTERPRISES, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Gregory Alarcon, Judge.  Affirmed.

Law Offices of Gene Ramos and Gene M. Ramos for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton and Ryan D. McCortney for Defendant and Respondent.

Plaintiff Candelario Romero appeals from the summary judgment against him in his wrongful termination/discrimination case against defendant Kraco Enterprises, LLC. The trial court granted Kraco's summary judgment motion after the court declined to consider Romero's opposition papers filed just three days before the scheduled hearing on the motion. In the two and a half weeks leading up to the hearing, the court had denied three ex parte applications Romero filed to continue the briefing schedule and hearing and/or to accept his late-filed papers. On appeal, Romero contends (1) the trial court abused its discretion by denying his request for a continuance of the summary judgment motion and by refusing to consider his late-filed opposition papers, and (2) the evidence submitted by Kraco in support of its motion included deposition testimony by Romero that raises a disputed issue as to his wrongful termination and disability discrimination claims and precludes summary judgment as to those two claims.[1] We conclude the trial court did not abuse its discretion by denying Romero's request for a continuance and refusing to consider Romero's opposition papers. We also conclude that, although Romero is correct that some of the evidence Kraco submitted raises a disputed issue regarding the reasons for Romero's termination, Kraco nevertheless was entitled to judgment as a matter of law as to Romero's wrongful termination and disability discrimination claims. Accordingly, we affirm the judgment.

---

[1] Romero's appellant's opening brief also has a heading asserting the trial court improperly denied his request to amend his complaint, but that section of the brief contains a single sentence: "Allowing Appellant to amend his complaint to alleged [*sic*] age discrimination, would have raised a triable issue of fact with this claim." Because Romero failed to provide any argument or explanation, supported by citations to the record and legal authority, we find this issue is forfeited. (*Aviel v. Ng* (2008) 161 Cal.App.4th 809, 821.)

## BACKGROUND

Romero began working as a press operator for Kraco, a supplier of automotive products, in May 1981. His employment was covered by a collective bargaining agreement (CBA) between Kraco and the United Electrical, Radio & Machine Workers of America. Romero received a copy of the CBA, translated into Spanish, during his employment.

In December 2008, Kraco shut down its manufacturing operations. As a result of the shutdown, at least 23 employees from the Mats Department, Packline Department, Millroom Department, and Press Department were terminated. Romero was not terminated at that time.

In July 2009, the Mats Department, where Romero worked, had additional layoffs due to a reduction in available work. In accordance with the CBA, Romero was given the option to either replace an employee with less seniority within his Labor Grade or take a voluntary layoff. The only available position that could be offered to Romero at that time was in the Receiving Department, unloading containers. The position would require Romero to reach above shoulder level, lift, carry, pull and push containers weighing up to 40 to 50 pounds; those requirements were explained to Romero. Romero elected to replace an employee with less seniority, and on July 20, 2009, he signed a document (written in Spanish) to that effect. Romero was informed that his performance would be monitored, and that he would have to demonstrate the ability to safely perform the position.

On July 22, 2009, after working in the position for a few days and being observed by supervisors, Romero was terminated. He filed the instant lawsuit on June 15, 2011, alleging the following causes of action: (1) wrongful termination in violation of public policy; (2) retaliation in violation of Government Code[2] section

---

[2]     Further undesignated statutory references are to the Government Code.

3

12940, subdivision (h); (3) violation of medical leave under section 12945.2; (4) interference with medical leave; (5) retaliation for taking medical leave; (6) disability discrimination in violation of section 12940, subdivision (a); (7) failure to accommodate in violation of section 12940, subdivision (m); (8) failure to engage in the interactive process in violation of section 12940, subdivision (n); (9) age harassment in violation of section 12940, subdivision (j); and (10) failure to prevent harassment in violation of section 12940, subdivision (k).

Just over a year after the complaint was filed, on June 22, 2012, Kraco filed a motion for summary judgment or, in the alternative, summary adjudication of issues. Kraco supported its motion with a separate statement of undisputed facts, declarations from Alice Boutwell, the current Human Resources Director for Kraco, Fernando Haro, the Human Resources Director at the time of Romero's termination, and Hector Lopez, who was the Plant Operations Manager at the time of Romero's termination, as well as excerpts of Romero's deposition and a medical report from Romero's physician. In their declarations, Haro and Lopez both declared that they observed Romero working in the Receiving Department, and concluded that Romero was unable to perform the essential functions of the job without risking injury to himself and other employees. They also declared that the job could only be performed manually, there were no reasonable accommodations that could have been made to enable Romero to safely perform the job, and they (along with John Veeck, Kraco's Warehouse Manager at that time) decided to terminate Romero because he could not safely perform the job. Finally, they declared that Kraco had no knowledge that Romero had any disability during his employment, that Romero never asked to be accommodated for any disability, and

4

that Romero never complained to Kraco of discrimination, harassment, retaliation, failure to accommodate, failure to engage in the interactive process, or failure to prevent harassment during his employment.

The hearing date for the motion was set for September 7, 2012, with a trial date of October 10, 2012. On August 20, almost two months after Kraco served the motion and four days before Romero's opposition was due, Romero submitted an ex parte application to continue the summary judgment hearing and briefing schedule, and to continue the trial date. The trial court denied the application, finding no good cause to continue the matter.

On September 4, 2012, three days before the scheduled hearing, Romero filed papers in opposition to the summary judgment motion. The following day, he submitted another ex parte application, seeking an order to continue the summary judgment hearing (but not the trial date), to continue the briefing schedule, to allow Romero to file late and complete opposition papers (he had not yet filed a memorandum of points and authorities or a separate statement), and to amend the complaint to add an age discrimination cause of action. The trial court denied the request to continue the hearing or briefing schedule, finding no good cause, and denied the request to amend the complaint on the ground that a noticed motion was required. Romero filed two more ex parte applications the next day, one asking the court to accept his late-filed opposition papers, and the other requesting an order shortening time to file an amended complaint. The trial court denied the first application (to accept the late-filed papers) and continued the second to the following day (when the summary judgment motion would be heard), at which time he denied that one as well.

The summary judgment motion was heard on September 7, 2012, and the trial court took the matter under submission. On September 24, 2012, the court

issued a written order granting the motion. Romero timely filed a notice of appeal from the resulting judgment.

## DISCUSSION

A.    *Denial of Request to Continue the Summary Judgment Motion*

Code of Civil Procedure section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

Romero contends that he complied with this provision by timely filing an ex parte application before his opposition to the summary judgment motion was due, supported by a declaration that identified evidence he reasonably believed existed that was necessary to oppose the motion. Therefore, he contends "a continuance was virtually mandated." (Citing *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 770-771.) Kraco, on the other hand, contends that a continuance is not mandated when, as in this case, the party seeking the continuance fails to show why the evidence sought could not have been discovered earlier. Kraco has the better argument.

As our colleagues in Division Five of this District noted in *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, there is a split of authority as to whether lack of diligence of the party seeking a continuance may be a basis for denial of an application under Code of Civil Procedure section 437c, subdivision (h). After examining the cases on both sides, the court concluded: "We agree with the

6

majority of courts holding that lack of diligence may be a ground for denying a request for a continuance of a summary judgment motion hearing. Although the statute does not expressly mention diligence, it does require a party seeking a continuance to declare why 'facts essential to justify opposition . . . cannot, for *reasons stated, then* be presented' [citation], and courts have long required such declarations to be made in good faith. [Citations.] There must be a justifiable reason why the essential facts cannot be presented. An inappropriate delay in seeking to obtain the facts may not be a valid reason why the facts cannot then be presented. The statute itself authorizes the imposition of sanctions for declarations presented in bad faith or solely for purposes of delay. [Citation.] A good faith showing that further discovery is needed to oppose summary judgment requires some justification for why such discovery could not have been completed sooner." (*Cooksey v. Alexakis*, *supra*, 123 Cal.App.4th at p. 257.)

We agree with *Cooksey* and the majority of appellate courts and conclude that lack of diligence in conducting discovery may justify the denial of a continuance of a summary judgment motion.

In the present case, neither of the declarations submitted by Romero's counsel in support of Romero's ex parte applications to continue the motion addressed his year-long delay in seeking the discovery he asserted was necessary to oppose Kraco's summary judgment motion. In contrast, Kraco's counsel, Jenny Chang, filed a declaration in opposition to Romero's first ex parte application describing Romero's substantial delay both in responding to Kraco's discovery requests and noticing depositions of witnesses or requesting other discovery. Chang noted that, after making some initial discovery requests, Romero made no further requests (and did not notice the deposition of any witness) until August 2012 -- 14 months after the complaint was filed, and more than six weeks after the summary judgment motion was filed.

7

In a declaration filed in opposition to Romero's second ex parte application, Chang went into more detail about Romero's delay. She explained that Romero's attorney, Gene Ramos, first contacted her to set dates for the deposition of Fernando Haro, Alice Boutwell, and Hector Lopez on July 2, 2012 -- more than a week after the summary judgment motion was filed on June 22. At that time, the earliest dates Ramos suggested for the depositions were in the first week of August. Chang responded on July 12, providing Ramos with Haro's address (because Kraco would not be producing him for deposition) and offering to produce Boutwell and Lopez for deposition on August 7. Ramos did not respond to Chang's offer until after she contacted him again on July 31. On August 6, Ramos served notices of deposition for Boutwell and Lopez to be deposed on August 7. Ramos did not serve a deposition notice for Haro's deposition until August 10, setting the deposition for August 23, the day before Romero's opposition to Kraco's summary judgment motion was due.

Romero argues in his appellant's opening brief that he was justified in delaying taking the depositions, contending that waiting to conduct discovery until after a summary judgment motion is filed "is a reasonable and efficient way of litigating a lawsuit, especially when the employee/litigant is indigent." Even if this were so,[3] it is neither reasonable nor efficient to wait more than a week after the motion is filed to contact opposing counsel to set deposition dates, provide

---

[3] We question how it could be reasonable to delay taking depositions of key witnesses until after a motion for summary judgment has been filed. A motion for summary judgment must be filed at least 75 days before the scheduled hearing (Code Civ. Proc., § 437c, subd. (a)), and the opposition must be filed at least 14 days before the hearing (Code Civ. Proc., § 437c, subd. (b)(2)). If the motion is filed with the minimum time allowed before the hearing, i.e., 75 days, the opposing party will have only 61 days to notice and take the depositions, obtain the transcripts, allow time for corrections by the deponent, and file the opposition papers.

8

proposed deposition dates that are a month after that first contact, and then wait until two weeks before the opposition is due to serve the notice to depose one of the key witnesses. In short, the trial court did not abuse its discretion by denying Romero's requests to continue the hearing on Kraco's summary judgment motion. (*A & B Painting & Drywall, Inc. v. Superior Court* (1994) 25 Cal.App.4th 349, 357 [continuance is not warranted where the declaration "does not explain what efforts were made to take the necessary depositions or why they could not have been taken earlier"].)

B.    *Declining to Consider Late-Filed Opposition Papers*

In ruling on Kraco's summary judgment motion, the trial court stated that it did not consider any of Romero's papers because they were untimely and Romero failed to show good cause for the late submission. The court noted that Romero's "sole reason for not filing his Opposition on time is because he wanted to wait for the transcript of Fernando Haro's deposition, which he took on August 23, 2012." On appeal, Romero argues the court's observation was incorrect because Romero also had to wait for the transcripts of the August 7 depositions of Boutwell and Lopez, and he contends the court abused its discretion by refusing to consider his papers.

Although we agree that the trial court incorrectly stated that Romero's sole reason for the untimely filing was because he was waiting for the transcript of Haro's deposition, we disagree that the court abused its discretion by refusing to consider Romero's late-filed papers. By the time the trial court issued its ruling granting the summary judgment motion, it already had denied three ex parte applications by Romero to allow him additional time to file his opposition papers. In the first two applications, Romero specifically stated that he needed additional

9

time to obtain the transcripts from all three depositions, and the court found no good cause to allow him additional time.

"Code of Civil Procedure section 437c, subdivision (b) . . . forbids the filing of any opposition papers less than 14 days prior to the scheduled hearing, and the case law has been strict in requiring good cause to be shown before late filed papers will be accepted." (*Hobson v. Raychem Corp.* (1999) 73 Cal.App.4th 614, 624-625, disapproved on other grounds in *Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1031, fn. 6.) Having already ruled that Romero failed to show good cause for not filing his opposition papers within the time allowed under the summary judgment statute, the trial court's misstatement in its summary judgment ruling is of little consequence. The court did not abuse its discretion by refusing to consider Romero's late-filed opposition papers.

C.     *Wrongful Termination and Disability Discrimination Claims*

Romero contends that, even if the court considers only the evidence submitted by Kraco, the summary judgment must be reversed as to his claims for wrongful termination and disability discrimination.[4] He is incorrect.

1.     *Summary Judgment Standard of Review*

In the trial court, a defendant moving for summary judgment must present evidence that one or more elements of the plaintiff's claim cannot be established or that there is a complete defense to the claim. If the defendant meets that burden of production, the burden shifts to plaintiff to show that a triable issue of material fact exists as to that claim or defense. (*Aguilar v. Atlantic Richfield Co.* (2001) 25

---

[4]     We note that Romero's appellant's opening brief addresses only his claims for disability discrimination and wrongful termination in violation of public policy. Therefore, we address only the court's rulings with respect to those claims.

Cal.4th 826, 850.) The plaintiff shows that a triable issue of material fact exists by pointing to evidence that would allow a reasonable trier of fact to find that fact in favor of the plaintiff. (*Ibid.*) If plaintiff fails to do so, the defendant is entitled to judgment as a matter of law.

On appeal from a summary judgment, we make "an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law." (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 222.) Like the trial court, we must strictly construe the moving party's evidence and liberally construe the opposing party's evidence, and we must consider all inferences favoring the opposing party that a trier of fact could reasonably draw from the evidence. (*Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 838.)

2. *Kraco Presented Undisputed Evidence That Entitles it to Judgment as a Matter of Law*

Romero argues there is a triable issue of fact because Kraco's evidentiary submission in support of its motion included a page of Romero's deposition transcript that included his testimony that when he met with Haro on the day his employment was terminated, Haro told him "[t]hat I didn't have a job anymore because of my age and my health."[5] While this testimony may show there is a

---

[5] Kraco submitted this page of Romero's deposition transcript because Kraco relied upon other testimony on the page regarding the number and content of conversations Romero had with his direct supervisor, Lopez. Kraco argues in its respondent's brief that Romero waived any challenge to the merits of the summary judgment motion by failing to timely file his opposition papers. But on review of a summary judgment, we are required to independently review the evidence before the trial court to determine whether the moving party is entitled to judgment as a matter of law. (*Iverson v. Muroc Unified*

11

disputed issue (since Kraco submitted evidence that it did not terminate Kraco because of his age or alleged disability), it does not show a *triable* issue of material fact in light of other, *undisputed*, evidence Kraco submitted to show that Romero could not establish a necessary element of his claims and/or that Kraco had a complete defense.

a. *Proper Analysis of Disability Discrimination and Wrongful Termination Claims*

In analyzing Romero's disability discrimination and wrongful termination claims, both the trial court in its ruling and Kraco in its respondent's brief employ the *McDonnell Douglas*[6] shifting-burdens test.  Under that test, the plaintiff has the initial burden to establish a prima facie case of discrimination.  If the plaintiff establishes a prima facie case, a presumption of discrimination arises, and the burden shifts to the defendant to rebut the presumption by producing admissible evidence showing that the action was taken for a legitimate, nondiscriminatory reason.  If the defendant meets that burden, the presumption of discrimination disappears, and plaintiff must be given an opportunity to show that the defendant's proffered reason is pretext for discrimination or provide other evidence of discrimination.  (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 354-356.)  In the context of a motion for summary judgment, the California Supreme Court has held that, if the defendant submits evidence to satisfy the second step of the shifting-burdens test, the burden shifts to the plaintiff to rebut this showing by pointing to evidence that raises a rational inference that intentional discrimination occurred.  (*Id.* at p. 357.)

---

*School Dist.*, *supra*, 32 Cal.App.4th at p. 222.)  Therefore, we must determine if the evidence Romero cites precludes summary judgment.

[6]     *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792.

12

Applying the *McDonnell Douglas* shifting-burdens test in this case, the trial court found that Kraco was entitled to summary judgment on the disability discrimination and wrongful termination claims because it produced evidence of a non-discriminatory reason for Romero's termination and there was no substantial evidence of pretext. This analysis was erroneous, however, because the *McDonnell Douglas* test does not apply in this case. As the United States Supreme Court explained in *Trans World Airlines, Inc. v. Thurston* (1985) 469 U.S. 111, the *McDonnell Douglas* test is "designed to assure that the 'plaintiff [has] his day in court despite the unavailability of direct evidence,'" and "is inapplicable where the plaintiff presents direct evidence." (*Id.* at p. 121; accord, *Trop v. Sony Pictures Entertainment, Inc.* (2005) 129 Cal.App.4th 1133, 1144-1145.) In this case, as discussed above, there was direct evidence of discriminatory intent, i.e., Romero's testimony that Haro told him he was losing his job because of his age and health. Therefore, we must determine whether, despite the direct evidence of discriminatory intent, the undisputed facts found by the trial court nevertheless entitle Kraco to judgment as a matter of law as to Romero's disability discrimination and wrongful termination claims. We conclude they do.

      b.     *Disability Discrimination Claim*

In *Green v. State of California* (2007) 42 Cal.4th 254, the California Supreme Court held that a plaintiff alleging a claim for disability discrimination under the Fair Employment and Housing Act (FEHA) bears the burden to prove as an element of the claim that he or she is able to perform the essential functions of the job at issue with or without reasonable accommodation. (*Id.* at pp. 262-263.) Thus, an employer may prevail on summary adjudication of a disability discrimination claim under FEHA if it shows "there is no triable issue of fact about [the employee's] ability, with or without accommodation, to perform the essential

13

functions of an available vacant position that would not be a promotion." (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 963.)

In this case, Kraco submitted the declarations of Fernando Haro and Hector Lopez in support of its summary judgment motion, in which both men stated that they observed Romero performing his job unloading containers, and they determined that Romero could not perform the essential functions of his job without risking injury to himself and others. Both men also stated that no reasonable accommodation could have been made to enable Romero to safely perform the essential duties of his job, and there was no other position available for him. The trial court found these facts were undisputed. Although the trial court made this finding in the context of applying the *McDonnell Douglas* shifting-burdens test, those undisputed facts are sufficient to uphold the summary adjudication of the disability discrimination claim because they "conclusively negated a necessary element" of Romero's claim. (*Guz v. Bechtel National, Inc.*, *supra*, 24 Cal.4th at p. 334.) Thus, Kraco was entitled to judgment as a matter of law as to that claim.

    c.    *Wrongful Termination Claim*

This same finding of undisputed facts also is sufficient to uphold summary adjudication of Romero's wrongful termination in violation of public policy claim. That claim alleges that Kraco terminated Romero's employment in violation of FEHA. But FEHA provides that "[n]othing in this part shall subject an employer to any legal liability resulting from . . . the discharge of an employee who, because of the employee's medical condition, is unable to perform his or her essential duties, or cannot perform those duties in a manner that would not endanger the employee's health or safety or the health or safety of others even with reasonable accommodations." (§ 12940, subd. (a)(2).) The facts the trial court found to be

14

undisputed with regard to Romero's disability discrimination claim provide a complete defense under FEHA regardless of the kind of discrimination alleged, and therefore preclude Romero's wrongful termination in violation of public policy claim.

**DISPOSITION**

The judgment is affirmed.  Kraco shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.



We concur:




EPSTEIN, P. J.




MANELLA, J.