Filed 12/3/21  Carpenter v. Iberdemaj CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN CARPENTER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RAME D. IBERDEMAJ,<br><br>Defendant and Respondent. | F079723<br><br>(Super. Ct. No. MCV072972)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Madera County.  James E. Oakley, Judge.

John Carpenter, in pro. per., for Plaintiff and Appellant.

Stammer, McKnight, Barnum & Bailey LLP and Abigail R. Leaf, for Defendant and Respondent.

-ooOoo-

In this medical malpractice action, plaintiff John Carpenter appeals from the judgment entered in favor of defendant Rame D. Iberdemaj, M.D., following the trial court's grant of defendant's motion for summary judgment.  Plaintiff argues the trial court abused its discretion by denying his request for a continuance of the summary

judgment hearing to allow him to obtain a proposed medical expert. On the record before us, we find plaintiff's argument to be unpersuasive. Not only was the declaration submitted by plaintiff regarding his continuance request inadequate to meet the statutory conditions for such relief under Code of Civil Procedure[1] section 437c, subdivision (h), but no explanation was provided by plaintiff concerning his failure to previously and timely pursue expert medical discovery that was needed to prove his case. Therefore, the trial court correctly denied plaintiff's request for a continuance and no abuse of discretion has been shown. The judgment of the trial court is accordingly affirmed.

## FACTS AND PROCEDURAL HISTORY

The Operative Pleading

Plaintiff's original complaint for damages was filed in October 2016. The operative pleading at the time of defendant's motion for summary judgment was plaintiff's third amended complaint, filed in May 2018. Although earlier versions of plaintiff's complaint had sought recovery from various other medical practitioners and entities, the third amended complaint was only against defendant, Dr. Iberdemaj. The causes of action alleged in the third amended complaint consisted of two duplicative claims, one for medical negligence and the other for medical malpractice. Plaintiff was a California prison inmate in Chowchilla, California, at the time of the events alleged in the third amended complaint.

The essential facts alleged by plaintiff in the third amended complaint were as follows: On May 13, 2015, defendant (Dr. Iberdemaj) performed a hernia repair surgery on plaintiff whereby a hernia mesh product was implanted into plaintiff's body. However, according to plaintiff, the surgery was performed in a negligent manner in that the mesh was allegedly placed in such a way that it impeded blood flow to plaintiff's left

---

[1]     Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

2.

testicle.  Additionally, defendant allegedly failed to install a "drain" near the mesh to assist in the healing process.  As a result of these acts or omissions, plaintiff suffered serious complications and was injured.  A corrective surgery was needed about one year later, performed by another doctor, Lyle Griffith, M.D., which included removal of plaintiff's left testicle.

In performing the hernia repair surgery on plaintiff on May 13, 2015, defendant allegedly failed to meet the professional standard of medical care for such surgery; that is, defendant allegedly breached his duty "to exercise that degree of skill and care deemed proper by other reasonable practitioners under similar circumstances."

Significantly, plaintiff further alleged in the third amended complaint that "[m]edical experts will determine the exact cause of the plaintiff's injuries at trial." Substantially the same allegation was made by plaintiff in his prior pleadings, including the first amended complaint, filed in April 2017.  Thus, approximately two years before defendant's summary judgment motion was filed, plaintiff acknowledged in his own pleadings that he would need to prove his case through use of competent medical evidence.

Defendant's Motion for Summary Judgment

On April 4, 2019, defendant (Dr. Iberdemaj) filed his motion for summary judgment, or, in the alternative, for summary adjudication.[2]  The motion was made on the ground that plaintiff did not possess, and cannot produce, competent expert testimony to show defendant breached the standard of care or caused plaintiff's claimed injuries.  In other words, it was asserted that plaintiff cannot establish the essential elements of breach of the standard of care and/or causation.

In support of the motion for summary judgment, defendant submitted a declaration of a medical expert, Dr. Sherry M. Wren, M.D., who reviewed the relevant medical

---

[2]  Referred to herein as simply the motion for summary judgment.

records and history, including discovery responses, pertaining to defendant's care and treatment of plaintiff in connection with the hernia surgery performed by defendant. Dr. Wren specifically considered plaintiff's allegations that defendant negligently installed the hernia mesh device such that it impeded blood flow to the left testicle and negligently failed to install a drain to assist the healing process. After describing, step by step, plaintiff's medical symptoms, doctor examinations, the operative course undertaken by defendant, as well as plaintiff's postsurgical condition, Dr. Wren expressed her opinion that defendant "did not act below the standard of care" in his interactions with plaintiff. That is, she concluded no negligence occurred. Rather, Dr. Wren's opinion was that defendant "correctly provided the necessary and appropriate medical care to [plaintiff] at all relevant times" and "properly assessed and monitored [plaintiff] and performed appropriate examinations and procedures during [plaintiff's] treatment." In sum, Dr. Wren's conclusion was that defendant "met the applicable standard of care with respect to his care and treatment of [plaintiff] …."

Dr. Wren's conclusion on the standard of care was grounded on additional facts and circumstances evaluated in light of her medical training and expertise. These facts and circumstances included the following: (1) Plaintiff was informed, prior to surgery, that after inguinal hernia repair, testicular necrosis and subsequent atrophy as a result of ischemic orchitis is a well-known, but very rare complication.[3] Plaintiff was advised of the known atrophy risk, including the potential risk of needing a future surgery, and gave informed consent. (2) However, this very rare complication of a hernia repair surgery typically emerges soon after the surgery, and symptoms will include severe scrotal pain, swelling of the scrotum, possible abdominal pain, nausea, vomiting, frequent urination and fever. Here, in contrast to these usual indications, during May to October 2015, no such symptoms were documented. In Dr. Wren's words: "Ischemic orchitis after surgery

---

[3] Ischemia is a disruption of the blood supply to a part of the body.

typically presents fairly rapidly, days to weeks after surgery. Between May 13, 2015 and October 20, 2015, no such symptoms were documented. In fact, those progress notes document only one instance of scrotal swelling, a common post operative finding after hernia repair, on May 18, 2015 which Dr. Longia believed was consistent with a recent post-operative condition. Otherwise, the progress notes document consistent improvement leading to resolution of pain, discontinuation of pain medication and return to work duties." (3) In addition to the above facts shown by the medical records, Dr. Wren pointed out that other potential causes were indicated, including prior testicular torsion and a prior inguinal exploration procedure. In particular, Dr. Wren's declaration noted that plaintiff had "a documented inguinal exploration before the subject hernia repair which increases the known risk of ischemia to the testicle (ischemic orchitis) and may result in the loss of the testicle." In was further observed that "[t]esticular torsion is the most common cause of ischemic orchitis.… The previously documented torsion and left inguinal surgery may have resulted in disruption of some or all of the testicular blood supply before the inguinal hernia surgery."

Plaintiff failed to present any written opposition to the motion for summary judgment, nor did plaintiff present any evidence to oppose the motion, much less any expert evidence. Plaintiff's sole response was to make a motion requesting a continuance of the hearing to allow time for plaintiff to seek discovery of expert medical evidence. Furthermore, and directly tethered to the continuance request, plaintiff moved to have the trial court appoint an expert medical witness. Plaintiff's motions are described in further detail below.

The hearing of defendant's motion for summary judgment was held on June 24, 2019. At the hearing, the trial court denied plaintiff's motion seeking a continuance and the appointment of an expert. In so ruling, the trial court's minute order noted "the

5.

matter is set for trial on August 5, 2019."[4] Following the hearing, the trial court issued its written order holding, based on defendant's prima facie showing, that (i) there was no triable issue of material fact and (ii) defendant was entitled to judgment as a matter of law. Accordingly, the trial court granted defendant's motion for summary judgment.

Plaintiff's Continuance Request

On June 4, 2019, plaintiff filed his motion for a continuance of defendant's summary judgment motion. The motion was based on plaintiff's desire to oppose defendant's motion for summary judgment through use of expert medical testimony. Thus, plaintiff wanted an extension of time until July 29, 2019, to "arrange to depose the defendant's expert witness" by means of written deposition questions and also to have time for plaintiff to "introduce his own expert witness." The stated grounds for plaintiff's request were that he is an inmate, he is representing himself, and he needs more time to secure an expert.

In support of his motion for a continuance, plaintiff submitted a declaration. His declaration provided as follows: (1) Plaintiff is an inmate representing himself, and has library access on a limited basis; (2) Defendant hired an expert to show the standard of care was met, but plaintiff "ha[s] yet to secure a medical expert witness." In his continuance request, and in connection therewith, plaintiff noted he is also requesting the court appoint an expert witness for him.

By concurrent motion, plaintiff formally requested the trial court to appoint an expert witness for him, preferably the doctor who performed the corrective second surgery on plaintiff (i.e., Dr. Lyle Griffith, M.D.).

---

[4] This fact was referenced without comment in the trial court's minute order. We have not been provided with a reporter's transcript of what was said by the trial court and parties during the hearing of the motion for summary judgment and plaintiff's motion for continuance.

<u>Plaintiff's Appeal</u>

As noted, the trial court denied plaintiff's motion for a continuance and granted defendant's summary judgment motion. Plaintiff's notice of appeal followed. In his appeal, plaintiff contends the trial court abused its discretion by denying his request for a continuance of the hearing to conduct further discovery pursuant to section 437c, subdivision (h).

## **DISCUSSION**

### I. **Legal Principles and Standard of Review for Continuance Request Under Section 437c, Subdivision (h)**

The summary judgment statute—i.e., section 437c—contains a provision for continuances. Specifically, subdivision (h) of section 437c states as follows: "If it appears *from the affidavits submitted* in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just." (§ 437c, subd. (h), italics added.) A request for continuance of a summary judgment hearing to obtain necessary discovery may also be made by a timely ex parte motion containing the same required affidavit(s). (*Ibid.*; *Ambrose v. Michelin North America, Inc.* (2005) 134 Cal.App.4th 1350, 1353.)

To make the necessary good faith showing, the party's supporting affidavit or declaration[5] must show (1) the facts to be obtained are essential to opposing the motion, (2) there is reason to believe such facts may exist, and (3) the reasons why additional time is needed to obtain these facts. (*Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 643.) The rationale for this exacting requirement is to prevent every unprepared party from using the statute as a device to get an automatic continuance by

---

[5] We use the terms affidavit and declaration interchangeably herein.

simply filing a general boilerplate declaration. (*Ibid*.) "The party seeking the continuance must justify the need, by detailing both the particular essential facts that may exist and the specific reasons why they cannot then be presented." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 716.)

Notwithstanding the fact that continuance requests are ordinarily addressed to the trial court's broad discretion, to mitigate summary judgment's harshness, section 437c, subdivision (h) virtually mandates the granting of a requested continuance if an adequate good faith showing is made by affidavit that a continuance is needed to obtain facts essential to justify opposition to the motion. (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 100–101.) Thus, despite a trial court's usual breadth of discretion in connection with continuances, on summary judgment " 'the interests at stake are too high to sanction the denial of a continuance without good reason' " (*id*. at p. 100), and "[there is] little room for doubt that such continuances are to be liberally granted." (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395.) At the same time, however, it has been recognized that a lack of diligence may be a factor justifying a court's refusal to grant a continuance under section 437c, subdivision (h). (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 257 [so holding, after summarizing cases]; accord, *Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 156; *Rodriguez v. Oto* (2013) 212 Cal.App.4th 1020, 1038.)[6]

We review a ruling on a continuance motion or request under section 437c, subdivision (h) for abuse of discretion. (*Rodriguez v. Oto*, *supra*, 212 Cal.App.4th 1020, 1038; *Knapp v. Doherty*, *supra*, 123 Cal.App.4th at p. 100.)

---

[6] We note there is a split of authority on whether a requesting party's lack of diligence in pursuing the needed discovery may be considered by the trial court in this context if the supporting declaration is otherwise adequate to meet the essential conditions for relief stated in the statute. (See *Braganza v. Albertson's LLC*, *supra*, 67 Cal.App.5th at p. 155 [summarizing split of authority].) In the present appeal, since we are partly relying on *other fundamental inadequacies* of plaintiff's declarations as a basis to affirm the trial court's decision, we need not attempt to resolve that split of authority here.

## II.    No Abuse of Discretion Shown in Denial of Continuance

As noted, our standard of review of the trial court's denial of plaintiff's request for a continuance is abuse of discretion.  Here, even considering that such continuances are to be liberally granted, we hold the trial court did not abuse its discretion in denying plaintiff's request *in this instance*.  We base this conclusion on two grounds.  First, in seeking a continuance, plaintiff failed to present an adequate declaration containing the facts required by the statute and cases interpreting the statute as a prerequisite to relief.[7]  Second, there was clearly a lack of diligence on plaintiff's part.  We address each of these grounds below.

### A.    Plaintiff's Supporting Declaration Inadequate

We begin with plaintiff's failure to present a sufficient affidavit, as required.  To make the requisite good faith showing under section 437c, subdivision (h), the party's affidavit or declaration must show "(1) the facts to be obtained are essential to opposing the motion, (2) there is reason to believe such facts may exist, and (3) the reasons why additional time is needed to obtain these facts."  (*Chavez v. 24 Hour Fitness USA, Inc.*, *supra*, 238 Cal.App.4th at p. 643; accord, *Cooksey v. Alexakis*, *supra*, 123 Cal.App.4th at p. 254.)  "Generally speaking, the party seeking the continuance must 'provide supporting affidavits or declarations detailing facts that would establish the existence of controverting evidence …. [Citation.]' "  (*Lerma v. County of Orange*, *supra*, 120 Cal.App.4th 709, 715; accord, *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548 [declaration held deficient because there was "no statement which suggests what facts might exist to support the opposition to the motions"].)  " 'The purpose of the affidavit required by … section 437c, subdivision (h) is to inform the court of outstanding discovery which is necessary to resist the summary judgment motion.  [Citations.]' " (*Bahl v. Bank of America*, *supra*, 89 Cal.App.4th 389, 397.)  "The statute makes it a

---

[7]    Our references to the "statute" are to section 437c, subdivision (h).

condition that the party moving for a continuance show 'facts essential to justify opposition may exist.' " (*Roth v. Rhodes*, *supra*, 25 Cal.App.4th at p. 548.)

Here, plaintiff's declaration accompanying his request for a continuance utterly failed to comply with these minimal requirements. In his declaration, plaintiff asserted he is incarcerated and self-represented, and he acknowledged that he must respond to defendant's expert witness declaration to oppose the motion. Plaintiff's declaration admitted he has "yet to secure a medical expert witness." He offered that it would only be a "fair proceeding" if both sides had their own expert witness. Thus, according to plaintiff's declaration, the purpose of his request for a continuance was his need to secure an expert witness to oppose the motion, including through court appointment of an expert on his behalf, all of which would take time. He therefore asked in his notice of motion for the hearing to be continued to July 29, 2019. Additionally, in connection with and contingent upon his continuance request, plaintiff filed an accompanying motion for appointment of an expert witness on his behalf. Plaintiff submitted an identical declaration with his motion for appointment of an expert to the one we have described above relating to the request for a continuance.

As defendant's brief herein (as respondent) points out, plaintiff's declaration is completely silent as to what facts essential to his opposition may exist, or why there is reason to believe such facts exist. We must agree with that assessment. Because plaintiff's declaration is lacking in those material respects, it failed to present a factual basis to warrant a continuance under section 437c, subdivision (h). This lack of an adequate declaration constitutes one of the two grounds for our conclusion herein that the trial court did not abuse its discretion.

B.     Lack of Diligence Further Supported the Denial of Relief

Where, as here, there is an absence of a sufficient declaration, a continuance is not required under the statute but *may* still be granted in the trial court's inherent discretion depending on whether good cause is shown under the circumstances. (*Lerma v. County*

*of Orange*, *supra*, 120 Cal.App.4th at p. 716.)  This procedural context frames our discussion of the *second* ground for upholding the trial court's denial of a continuance in this case; namely, plaintiff's lack of diligence and failure to explain what efforts were made to undertake the needed discovery earlier.  (See *A & B Painting & Drywall, Inc. v. Superior Court* (1994) 25 Cal.App.4th 349, 357 [continuance was unwarranted where requesting party failed to provide such explanation].)  Importantly, a requesting party's lack of diligence is among the factors relevant to whether good cause for a continuance exists.  (*Chavez v. 24 Hour Fitness USA, Inc.*, *supra*, 238 Cal.App.4th at p. 644.)[8] Although our focus here is primarily on plaintiff's lack of diligence, we note that a trial court may additionally consider a variety of other factors relevant to whether good cause may exist or not, including "(1) how long the case has been pending; (2) how long the requesting party had to oppose the motion; (3) whether the continuance motion could have been made earlier; (4) the proximity of the trial date or the 30-day discovery cutoff before trial …."  (*Chavez v. 24 Hour Fitness USA, Inc.*, *supra*, 238 Cal.App.4th at p. 644.)

At this juncture in our discussion, we summarize some of the principles bearing on a trial court's ability to rely on the moving party's unexplained lack of diligence to pursue the needed discovery.  In exercising its discretion whether to grant a continuance of the summary judgment hearing, "the court may properly consider the extent to which the requesting party's failure to secure the contemplated evidence more seasonably

---

**8**    Although for convenience we have opted to separately consider lack of diligence at this stage of our analysis—that is, *after* already having determined that plaintiff's declaration was insufficient *for other reasons* under section 437c, subdivision (h)—we observe there is authority for the proposition that we could have considered plaintiff's lack of diligence as an integral part of the initial determination of whether plaintiff's declaration was sufficient to make a good faith factual showing under section 437c, subdivision (h).  (E.g., *Braganza v. Albertson's LLC*, *supra*, 67 Cal.App.5th 144, 156; *Rodriguez v. Oto*, *supra*, 212 Cal.App.4th at pp. 1038–1039; *Cooksey v. Alexakis*, *supra*, 123 Cal.App.4th at pp. 255–257.)

results from a lack of diligence on his part." (*Rodriguez v. Oto*, *supra*, 212 Cal.App.4th at p. 1038.) Moreover, this factor is an *important* one; that is, a party's lack of diligence and unexplained failure to obtain the discovery earlier may be a sufficient basis to support the denial of a continuance of a motion for summary judgment. (*Braganza v. Albertson's LLC*, *supra*, 67 Cal.App.5th at pp. 156–157 [no abuse of discretion in denial of continuance where there was a failure to show diligence in completing discovery]; *Cooksey v. Alexakis*, *supra*, 123 Cal.App.4th at p. 257 [lack of diligence cited as factor justifying refusal to grant continuance]; *Rodriguez v. Oto*, *supra*, 212 Cal.App.4th at pp. 1038–1039 [same].) The party seeking a continuance "must show why the discovery necessary to oppose the motion for summary judgment … could not have been completed sooner." (*Braganza v. Albertson's LLC*, *supra*, at p. 156.) That is, there must be "some justification" for why such discovery could not have been completed earlier. (*Ibid*.) Furthermore, it has been held that "[t]his showing is necessary to comply with section 437c, subdivision (h)'s requirement that the party seeking the continuance 'declare why "facts essential to justify opposition … cannot, for *reasons stated*, *then* be presented." (§ 437c, subd. (h), italics added.)' " (*Id*. at p. 157, quoting *Cooksey v. Alexakis*, *supra*, 123 Cal.App.4th at p. 257.)

Many other cases have emphasized the same essential points. (See *Knapp v. Doherty*, *supra*, 123 Cal.App.4th 76, 102 [no abuse of discretion in denying continuance where requesting party did not explain failure to pursue discovery earlier]; *FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 76 [continuance unwarranted when "there was no justification for the failure to have commenced the use of appropriate discovery tools at an earlier date"]; *A & B Painting & Drywall, Inc. v. Superior Court*, *supra*, 25 Cal.App.4th 349, 357 [continuance unwarranted where the requesting party's declaration "[did] not explain what efforts were made to take the necessary depositions or why they could not have been taken earlier"].)

In the present case, plaintiff's request for a continuance failed to explain the evident lack of diligence on his part. As early as April 2017, plaintiff admitted in his pleadings that he would need to obtain expert medical testimony to prove his case. That was approximately two years before defendant's motion for summary judgment was filed. Plaintiff failed to explain why he failed to seek the needed discovery during that time. Moreover, defendant's summary judgment provided more than 75 days of notice prior to the hearing. Plaintiff could have, but did not, undertake timely action to either pursue an expert witness or to otherwise make timely and diligent use of discovery procedures such as deposition subpoenas whereby one or more doctors might have been required to respond to written deposition questions. (See § 2028.010.) Although it appears that plaintiff eventually made some belated efforts along these lines once the deadline for opposing the motion for summary judgment was imminent, no explanation was provided for his failure to pursue such essential discovery earlier.[9]

Notwithstanding plaintiff's failure to provide this court with a reporter's transcript of the relevant oral proceedings, we point out the trial court's minute order specifically noted the fact that the upcoming trial date was August 5, 2019.[10] We believe this

[9] Plaintiff was apparently able to procure a deposition subpoena (issued by the superior court clerk on June 28, 2019) to be served on Dr. Lyle Griffith, M.D., for the purpose of seeking his responses to written deposition questions. However, as noted by defendant, there is no evidence in the record plaintiff pursued the matter by ever issuing or serving written deposition questions in compliance with the procedures set forth at sections 2028.010 to 2028.080. Nor is any explanation provided for failure to seek such discovery before. The motion for summary judgment was heard on June 24, 2019, and plaintiff's opposition was due 14 days before that date. (§ 437c, subd. (b)(2).) The trial court's written order granting summary judgment was signed and entered by the trial court on July 26, 2019.

[10] Plaintiff's failure to provide a reporter's transcript or settled statement of the hearing on the motion for summary judgment and continuance request made our review more difficult. A record of the oral proceedings would have shed further light on the reasoning and precise factors relied on by the trial court. If anything, this lack of a more complete and adequate record provides an additional basis for affirming the order of the trial court in this matter. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–610; *Foust v. San*

13.

reasonably reflected the trial court's assessment that plaintiff had delayed too long in seeking needed discovery and had failed to explain that delay.[11]  As explained hereinabove, we conclude that the record amply supported the court's implied assessment.

Based on the foregoing, we find that plaintiff has failed to demonstrate an abuse of discretion by the trial court.  (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 566 [a judgment or order of trial court is presumed correct on appeal; thus, error or abuse of discretion must be affirmatively shown by the appellant].)  On the contrary, the trial court's denial of plaintiff's request for a continuance of the summary judgment hearing was reasonably within the trial court's sound discretion for two reasons:  (1) plaintiff's supporting declaration failed to show the essential factual conditions necessary for relief under section 437c, subdivision (h), *and* (2) it appears from the record that plaintiff was lacking in diligence and failed to explain his failure to pursue the needed discovery earlier.

## III.  Meaningful Access to Courts Not Implicated

The sole issue raised by plaintiff in the present appeal was whether the trial court abused its discretion in denying plaintiff's request for a continuance under section 437c, subdivision (h).  Because we have answered that question in the negative due to plaintiff's factually deficient affidavit and unexplained delay in failing to pursue the essential discovery earlier, it is unnecessary for us to consider what types of discovery methods might conceivably have been commenced or ordered if a continuance had been granted—for example, whether the trial court might have appointed an expert witness for plaintiff.  (See, e.g., *Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 459 [noting trial

---

*Jose Construction Co., Inc*. (2011) 198 Cal.App.4th 181, 186–187; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

[11]    Of course, discovery cut-offs or deadlines in the case would precede and be proximate to this trial date (see §§ 2024.020, 2024.030).

14.

court's discretion includes potential appointment of an expert where necessary to afford meaningful access to courts].)  Inasmuch as such prospective discovery undertakings depended on whether plaintiff was entitled to a continuance, and we have held the continuance was properly denied, that outcome eliminates any need for further consideration of the discovery proposals themselves.

Finally, we note plaintiff's opening brief makes cursory reference to cases involving the right of prison inmates to be afforded meaningful access to the courts.  (See *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 792; *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468, 1482–1483.)  The present case, however, contains no indication that plaintiff's right of meaningful access to the courts was impeded in any material way as a result of his inmate status.  Instead, as we have discussed, the record reflects plaintiff's delay in pursing essential discovery which he admittedly knew, two years before the motion for summary judgment was filed, would be necessary to prove his case.  By waiting without explanation until nearly the time his opposition to defendant's motion was due to seriously consider what discovery measures might be pursued, plaintiff's own dilatory conduct put him in a position in which the trial court had reasonable discretion to deny a continuance.  Compounding such dilatory conduct was plaintiff's failure to present a declaration or affidavit meeting the factual requirements for relief under section 437c, subdivision (h).  Such conduct on plaintiff's part would not appear to be due to an impediment to meaningful court access.[12]

---

[12] Nor are we otherwise persuaded by the mere fact that plaintiff is not an attorney. On this record, we apply the general rule that a party who represents himself is generally entitled to the same, but no greater consideration than other litigants and attorneys. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

15.

## **DISPOSITION**

The order of the trial court is affirmed.  Each party shall bear his own costs on appeal.

LEVY, Acting P.J.

WE CONCUR:


MEEHAN, J.


DE SANTOS, J.

16.